**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| **ERIC HENRIKSON, JR.,** | **Civil Case Number:** |
| **Plaintiff,** | |
| **-v-** | <u>**CIVIL ACTION**</u> |
| | **COMPLAINT** |
| | **AND** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

## <u>INTRODUCTION</u>

1. Eric Henrikson, Jr., the Plaintiff in this case, is very much alive. Nonetheless, Experian Information Solutions, Inc. ("Experian") has been reporting Mr. Henrikson as deceased for the last several months.

2. A deceased reporting on a credit report causes a consumer's credit score to be reported as zero and makes it nearly impossible for them to obtain credit.

3. Plaintiff, therefore, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian") has negligently and recklessly disseminated false information regarding the Plaintiff's credit, namely by reporting him as deceased when he is clearly not.

4. Plaintiff further alleges Experian failed to follow reasonable procedures to ensure maximum accuracy of the credit reports it prepared concerning Plaintiff.

5. Plaintiff seeks statutory, actual, punitive damages, and attorneys' fees and costs.

-1-

**JURISDICTION**

6.      The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  Defendant regularly conducts business within the state of Texas and violated Plaintiff's rights under the FCRA in the state of Texas as alleged more fully below.

7.      Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conducts business in this District, and communications giving rise to this action occurred in this District.

**PARTIES**

8.      Plaintiff, Eric Henrikson, Jr. ("Plaintiff"), is a resident of Amarillo, Texas and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9.      Defendant Experian is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10.     Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

**FACTUAL ALLEGATIONS**

11.     In the beginning of the year, Plaintiff began receiving letters from credit accounts notifying him that they were closing his accounts because he had a deceased remark on his credit reports.

12.     Plaintiff, whose father passed away recently, visited the Social Security

Administration ("SSA") office on March 20, 2024 to ensure that the SSA office did not get him mixed up with his recently deceased father. During that visit he was informed that the SSA would rectify their records and notify the credit bureaus that he was not deceased.

13.    On April 05, 2024, Plaintiff applied for credit with Capital One and was denied again because they noted that one of the credit bureaus was still reporting him as deceased.

14.    Confused and distraught, Plaintiff then attempted to obtain all three of his credit reports to find out who was still reporting him as deceased.

15.    Plaintiff successfully downloaded his Equifax and Transunion reports, and neither of them reported him as deceased.

16.    Plaintiff was unsuccessful in downloading his Experian report. As such, Plaintiff mailed in a request form to Experian on April 09, 2024, which was received on April 18, 2024. To date, Experian not responded to his request for a credit report.

17.    Upon information and belief, Experian is ignoring Plaintiff's request for a credit report because they are reporting him as deceased.

18.    Plaintiff has repeatedly been denied credit by lenders who indicate that he is being denied because Experian was reporting him as deceased.

19.    Plaintiff is understandably shocked and upset, as he is very much alive.

20.    Plaintiff further checked his Equifax and Transunion report, neither of which contained the deceased reporting.

21.    As a result of the Defendant's erroneous reporting that Plaintiff is deceased, Plaintiff was harmed.

22.    At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and

1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

23. Additionally, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

24. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

25. As a direct and proximate result of Experian's willful and/or negligent refusal to assure maximum accuracy of Plaintiff's credit reports as mandated by the FCRA, Plaintiff has been harmed in his daily life.  For example, Plaintiff has been harmed by the impact that this derogatory information has had on his credit score and his ability to secure credit.  For example, Plaintiff has been denied credit due to these erroneous inaccuracies. The unnecessary confusion regarding Plaintiff's own status as a living person has caused Plaintiff significant frustration, anxiety, and depression.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EXPERIAN**

26. All preceding paragraphs are realleged.

27. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

28. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information that Plaintiff was 'deceased' from being reported on the Plaintiff's credit report.

-4-

29.     As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as set forth above.

## DEMAND FOR TRIAL BY JURY

30.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A.  Awarding Plaintiff actual damages;

B.  Awarding Plaintiff statutory damages;

C.  Awarding Plaintiff punitive damages;

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E.  Awarding pre-judgment interest and post-judgment interest; and

F.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: March 5, 2025                          Respectfully Submitted,

By: **MARCUS ZELMAN LLC**

*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Telephone: (732) 695-3282
Fascimile: (732) 298-6256
Yzelman@marcuszelman.com
*Counsel for Plaintiff*