**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| Eric Henrikson, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 2:25-cv-00056 |
| Experian Information Solutions, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Timothy J. O'Donnell III
Texas Bar No. 24143260
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone:  +1.214.969.2927
Facsimile:   +1.214.969.5100
joeyodonnell@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Eric Henrikson, Jr.'s ("Plaintiff") Complaint (the "Complaint") as follows:

## INTRODUCTION

1.      In response to paragraph 1 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

2.      In response to paragraph 2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3.      In response to paragraph 3 of the Complaint, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA").  Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

4.      In response to paragraph 4 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

5.      In response to paragraph 5 of the Complaint, Experian admits that Plaintiff seeks statutory, actual, punitive damages, and attorneys' fees and costs.  Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages or attorneys' fees and costs.

## JURISDICTION

6.      In response to paragraph 6 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., and 28 U.S.C. § 1331.  Experian states that this is a legal conclusion which is not subject to denial or admission.  Experian also admits that it is qualified to do business and conducts business in the

2

State of Texas.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 6 of the Complaint.

7.    In response to paragraph 7 of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  Experian states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

8.    In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.    In response to paragraph 9 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Complaint.

10.    In response to paragraph 10 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

11.    In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian admits that it received Plaintiff's request for his Experian report on April 19, 2024. Experian denies that it never responded to his request for a credit report. As to the remaining allegations in paragraph 16, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, the remaining allegations in paragraph 16.

17. In response to paragraph 17 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

25.     In response to paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT 1
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EXPERIAN

26.     Experian incorporates by reference responses to all preceding paragraphs as if fully set forth herein.

27. In response to paragraph 27 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 27 inconsistent therewith.

28. In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## RESPONSE TO DEMAND FOR JURY TRIAL

30. Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## RESPONSE TO PRAYER FOR RELIEF

Experian denies that Plaintiff is entitled to any relief whatsoever against Experian as set forth in the prayer for relief.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE

## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## SECOND AFFIRMATIVE DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## FOURTH AFFIRMATIVE DEFENSE

## (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## FIFTH AFFIRMATIVE DEFENSE

## (ARBITRATION)

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: April 29, 2025                          Respectfully submitted,


                                               */s/ Timothy J. O'Donnell III*_____
                                               Timothy J. O'Donnell III
                                               Texas Bar No. 24143260
                                               JONES DAY
                                               2727 North Harwood Street
                                               Dallas, TX 75201
                                               Telephone:  +1.214.969.2927
                                               Facsimile:   +1.214.969.5100
                                               joeyodonnell@jonesday.com

                                               *Attorney for Defendant*
                                               *Experian Information Solutions, Inc.*

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 29, 2025, I caused the foregoing document to be filed with the clerk using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Timothy J. O'Donnell III_____
Timothy J. O'Donnell III